IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-69,282-02 & -03




EX PARTE JEWEL RAYMOND BLASSINGAME, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 10-11470-012-13 W & 11-11632-012-13 W 
IN THE 12TH DISTRICT COURT
FROM MADISON COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of possession of a controlled substance and sentenced to imprisonment for twenty and twenty-five
years. He did not appeal his convictions.
            Applicant contends, among other things, that he was denied counsel of choice. He says that
appointed counsel failed to relinquish his position to retained counsel and that retained counsel failed
to contact the trial court so he could obtain permission to represent Applicant. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appointed counsel to respond to Applicant’s claim. If Applicant retained counsel, the trial
court shall also order him or her to respond to Applicant’s claim. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to who was counsel of record; whether
Applicant asked appointed counsel to withdraw; whether Applicant retained counsel; and if so,
whether retained counsel informed the trial court and appointed counsel that he or she had been
retained. The trial court shall also make any other findings that it deems relevant and appropriate
to the disposition of Applicant’s claim for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: October 30, 2013
Do not publish